**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>3C's BLESSING, INC.<br><br>Debtor. | **FOR PUBLICATION**<br><br>Case No. 19-10830 (MG)<br>Chapter 11 |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEBTOR'S MOTION TO USE PREEXISTING BUSINESS FORMS**

*A P P E A R A N C E S:*

CUSHNER & ASSOCIATES, P.C.
*Attorneys for Debtor*
399 Knollwood Rd
White Plains, NY 10603
By:   Todd S. Cushner, Esq.
       James J. Rufo, Esq.

UNITED STATES TRUSTEE FOR REGION 2
Office of United States Trustee
201 Varick Street, Suite 1006
New York, NY 10014-4811
By:   Shannon Scott, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

The Debtor in this small business chapter 11 case filed a motion seeking authorization to use its preexisting business forms, specifically a balance sheet and income statement, in lieu of Official Form 425C. ("Motion," ECF Doc. # 18.) The Debtor is a franchisee of Little Caesar Enterprises. It operates five Little Caesars Pizza restaurants. As a franchisee, the Debtor is required to prepare its financial reports using four-week reporting intervals, rather than monthly reporting intervals, meaning that the Debtor prepares 13 reports annually instead of the typical 12 reports. The Debtor's financial reporting computer software is geared to this four-week

reporting cycle. The U.S. Trustee Guidelines, however, require debtors to prepare monthly operating reports using Official Form 425C.[1]

The Debtor's Motion argues that utilizing Official Form 425C would be unreasonably burdensome. The Court disagrees; nonetheless, as explained below, the Court will permit the Debtor to report based on its four-week reporting intervals.

### I. LEGAL STANDARD

Small business debtors have unique reporting obligations in chapter 11 cases under the Bankruptcy Code and Rules. *See* 11 U.S.C. § 308 and FED. R. BANKR. P. 2015(a)(6). A small business debtor means:

> . . . a person engaged in commercial or business activities . . . that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the petition or the date of the filing of the order for relief in an amount not more than $2,566,050 . . . for a case in which the United States trustee has not appointed . . . a committee of unsecured creditors or where the court has determined that the committee of unsecured creditors is not sufficiently active and representative to provide effective oversight of the debtor . . . .

11 U.S.C. § 101(51D). A person is "an individual, partnership, and corporation . . . ." 11 U.S.C. § 101(41).

Bankruptcy Rule 2015 is titled "Duty to Keep Records, Make Reports, and Give Notice of Case or Change of Status." FED. R. BANKR. P. 2015. Rule 2015(a)(6) requires a debtor in possession in a chapter 11 small business case to file and transmit to the United States trustee, for each calendar month after the order for relief, on the appropriate Official Form, the report required by section 308, unless the court, for cause, sets another reporting interval. FED. R. BANKR. P. 2015(a)(6) ("A trustee or debtor in possession shall: . . . (6) in a chapter 11 small

---

[1] United States Department of Justice, Office of the United States Trustee, Region 2 – New York, Connecticut and Vermont, *Operating Guidelines and Reporting Requirements for Debtors In Possession and Trustees* 1, 4, https://www.justice.gov/ust-regions-r02/file/region_2_operating_guidelines.pdf/download.

2

business case, *unless the court, for cause, sets another reporting interval*, file and transmit to the United States trustee for each calendar month after the order for relief, on the appropriate Official Form, the report required by § 308.") (emphasis added).

Section 308 of the Bankruptcy Code states that a "debtor in a small business case shall file periodic financial and other reports containing information" concerning:

1. the debtor's profitability;
2. reasonable approximations of the debtor's projected cash receipts and cash disbursement over a reasonable period;
3. comparisons of actual cash receipts and disbursement with projections in prior reports;
4. whether the debtor is –
    (A) in compliance in all material respects with postpetition requirements imposed by this title and the Federal Rules of Bankruptcy Procedure; and
    (B) timely filing tax returns and other required governmental filings and paying taxes and other administrative expenses when due;
5. if the debtor is not in compliance . . . , what the failures are and how, at what cost, and when the debtor intends to remedy such failures; and
6. such other matters as are in the best interests of the debtor and creditors, and in the public interest in fair and efficient procedures under chapter 11 of this title.

11 U.S.C. § 308(b).

Financial reporting must be completed using Official Form 425C. In addition, the UST Guidelines for Region 2 require the debtor to file "an original monthly operating report with the Clerk of the Bankruptcy Court, and serve a paper copy upon the United States Trustee."[2] The UST Guidelines state that the monthly operating report must be prepared using its form—namely, Official Form 425C.[3]

---

[2]    *Id.*

[3]    *Id.* ("The monthly operating reports must be prepared using the forms provided herein. These forms are also located on our website[.]"). The U.S. Trustee's website contains a monthly operating report for small business

(Footnote continued on next page)

## II.    ANALYSIS

The Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). (ECF Doc. # 1 ¶ 8.)  Therefore, it must comply with Rule 2015(a)(6) and file Official Form 425C either monthly or on the intervals approved by the Court until "the effective date of the plan, or conversion or dismissal of the case." FED. R. BANKR. P. 2015(a)(6).  While the default rule is monthly reporting, the Court may alter the reporting intervals for good cause shown.

While courts in prior cases in this District have applied section 105 of the Bankruptcy Code to excuse compliance with various requirements in the UST Guidelines, no cases cited to the Court have excused a small business debtor from using Official Form 425C.  Unless the U.S. Trustee agrees otherwise, standardization of reporting, particularly in small business cases, is important in simplifying the U.S. Trustee's monitoring responsibilities in the large number of small business cases filed in this Circuit.

The Debtor alleges that filing the Form 425C report will have a negative impact on the Debtor's reorganization efforts.  The Court does not believe that requiring the use of Official Form 425C imposes an unreasonable burden on this Debtor.  The Debtor states that requiring it to use Official Form 425C would require it to "change its Business Forms." (Motion ¶ 12.)  But the Debtor can use the information in its existing business forms to complete Official Form 425C. The Debtor explains that its financial reporting—required by the franchisor—is based on four-week reporting intervals, rather than monthly reporting intervals. (Motion ¶ 9.)  While Official Form 425C generally calls for monthly financial reporting, as already explained, Rule 2015(a)(6) specifically authorizes the Court to adjust the reporting intervals.  Here, the Debtor

---

debtors to use.  *See* United States Department of Justice, Office of the United States Trustee, Region 2 – New York, Connecticut and Vermont, *Monthly Operating Report, Small Business*, https://www.justice.gov/ust-regions-r02/file/small_business_mor.pdf/download.

has established good cause to adjust the reporting intervals from monthly to every four weeks. This will allow the Debtor to avoid having to modify its financial reporting software for use in preparing reports on Official Form 425C.  The burden of filing additional reports is not substantial.

Official Form 425C requires the Debtor to provide additional information that is not contained in the Debtor's existing business forms.  For example, Official Form 425C asks whether a debtor has timely (i) paid all of its bills, (ii) paid its employees on time, (iii) filed and paid tax returns, and (iv) paid its insurance premiums  While not all of this information is readily identifiable in the Debtor's existing business forms, this required information is essential for the U.S. Trustee to carry out its important monitoring role in small business cases.

Official Form 425C also requires the Debtor to attach documents, such as bank statements and financial reports, including income statements (profit & loss) and balance sheets. The Debtor's business forms include a balance sheet and income statement.  These documents must be attached to Official Form 425C; they supplement the information provided in Official Form 425C rather than replace the Form.  Lastly, while Rule 2015(a)(6) expressly permits the Court to adjust the reporting intervals for cause, it does not authorize the Court to excuse a debtor from using Official Form 425C.

/ / / /

/ / / /

/ / / /

/ / / /

### III.  CONCLUSION

For the reasons explained above, the Debtor's Motion is **GRANTED IN PART AND DENIED IN PART**.  The Debtor must use Official Form 425C in its reports, but it may utilize four-week intervals in completing the reports. rather than monthly intervals.

   **IT IS SO ORDERED.**

Dated:    April 10, 2019
          New York, New York

                              ___*Martin Glenn*_____
                                  MARTIN GLENN
                                  United States Bankruptcy Judge